UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RECEIVED+FILED
2014 JUN 19 PM 1:16
US BANKRUPTCY COURT
EASTERN DISTRICT
ST LOUIS MISSOURI

In re
JATUNE MOBLEY            Cause No 14-44207-399
Debtor
and
All Cases on List Attached to Trustees
Motion

### RESPONDENT WALTON'S REPLY MEMORANDUM IN OPPOSITION TO TRUSTEE'S MOTION FOR ORDER TO TEMPORARILY HOLD DISBURSEMENT OF ATTORNEY'S FEES AND WALTON'S COUNTER-MOTION TO TRANSFER ISSUE TO COURT EN BANC

**Table of Contents**

Table of Contents ............................................................................................................. i

Table of Authorities ........................................................................................................ ii

I    Introduction ............................................................................................................ 1

II    Facts ......................................................................................................................... 1

III    Points, Authorities and Argument ...................................................................... 2

    A    Flat Fee Has Been Earned .............................................................................. 2

    B    Standard for Granting Stay ............................................................................ 3

    C    Probability of Success on Appeal ................................................................... 3

       1    Judgment (Doc #199) and Amended Memorandum and Order (Doc #201) .......... 3

       2    The Court Was Without Jurisdiction Over the Subject Matter ....................... 4

       3    The Court Was Disqualified From Presiding Over the Subject Matter and Person of Robinson, Critique and Walton Under 28 USC §§ 455 and 144 ............................ 5

       4    A Single Bankruptcy Judge Has No Jurisdiction to Suspend an Attorney from Practicing in Bankruptcy Court ............................................................... 7

       5    The Court Erred in Ordering Disgorgement of $495.00 in Attorney's Fees in that it was in excess of the fees paid by the Debtor to Robinson and Debtor Was Without Clean Hands and Perpetuated a Fraud Upon the Court .................. 9

6     The Court Was Without Jurisdiction to Issue Monetary Sanctions and Award Attorney's Fees for Failure to Comply with a Discovery Order under F. R. Civ. P. 37 nor Under F. R. Civ. P. 11 in that the Debtor Had Withdrawn Her Motion to Compel Discovery, the Case Was Settled, No Trial Was to Be Had, And Debtor Sought No Sanctions or Award of Attorney's Fees ................................................................................................................ 11

D     Appellants Will Suffer Irreparable Harm If A Stay is Not Granted ................................. 12

E     Appellants Client's Will Suffer Irreparable Harm If A Stay is Not Granted..................... 13

F     Stay Will Not Cause Substantial Harm to Other Interested Parties................................. 14

G     A Stay Will Not Harm the Public Interest ...................................................................... 15

IV     Conclusion............................................................................................................................. 15

## Table of Authorities

### Cases

*Dobbs v. Dobbs Tire & Auto Centers, Inc.*, 969 SW 2d 894, 897 (Mo App 1998)......................... 9

*Earle R Hansen Assoc. V. Farmers Coop. Creamery Co.*, 403 F. 2d 65 (8th Cir. 1968).......... 9, 10

*Elliot v. Piersol,* 1 Pet. 328, 340, 26 U.S. 328, 340 (1828) ............................................................ 5

*In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997)....................................................... 6

*In re Cont'l Airlines Corp.*, 901 F.2d 1259, 1262 (5th Cir. 1990). ................................................. 6

*In re Havens Steel Co.*, 2005 WL 562733, at *6 (W.D. Mo. Jan. 12, 2005) .................................. 3

*In re KPERS*, 85 F.3d at 1358......................................................................................................... 7

*In the Matter of Mansion House Ctr. S. Redev. Co.*, 5 B.R. 826, 832 (E.D. Mo. 1980) ................ 3

*Kansas City Operating Corp v. Durwood*, 278 F2d 354, 357 (8th Cir 1960) ................................ 9

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 100 L.Ed. 2d 855, 108 S. Ct. 2194 (1988) ................................................................................................................................ 6

*Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865, 108 S.Ct. 2194, 2205, 100 L.Ed.2d 855 (1988) .................................................................................................................... 6

*Liteky v. United States,* ___ U.S. ___, ___ ___, 114 S.Ct. 1147, 1156-57, 127 L.Ed.2d 474 (1994) ........................................................................................................................................ 6

*Long v. Shorebank Development Corp.*, 182 F.3d 548 (C.A. 7 Ill. 1999)....................................... 5

*Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940) ........................................ 5

*United States Dep't of Justice v. Mandanici,* 152 F.3d 741, 745 n. 12 (8th Cir.1998) ................... 9

*WorldCom, Inc. v. Boyne,* 68 Fed. Appx. 447, 451 ) .................................................................. 10

**Statutes**

28 USC § 144 .................................................................................................................................. 6

28 USC § 455 .................................................................................................................................. 6

**Rules**

E.D. Mo. Bank L.R. 2090 ........................................................................................................... 1, 8

E.D. Mo. L. Disp. Enf. R. 83-12.01 ............................................................................................... 8

E.D. Mo. L. R. 83-12.02 ................................................................................................................ 7

F. R. Bank. P. 8005 ........................................................................................................................ 3

F. R. Bank. P. 9011 ...................................................................................................................... 12

F. R. Civ. P. 37 ............................................................................................................................. 11

# Memorandum of Law

## I    Introduction

A single judge of the US Bankruptcy Court for the Eastern District of Missouri, in clear excess of all jurisdiction under E.D. Mo. Bank L.R. 2090, promulgated by the Bankruptcy Court, en banc, has entered a Judgment and Order that does not simply apply to a single case pending before said Bankruptcy Judge, but instead extends beyond the reach of his own courtroom to the court en banc, and has placed his colleagues, including the Presiding Judge, in the Eastern District of Missouri Bankruptcy Court in the awkward position of having to honor and enforce a clearly unlawful and void Judgment and Order suspending members of the bar from practicing in the Bankruptcy Court for a year. The Bankruptcy Court adopts local rules, en banc, surely to avoid such a predicament -- to provide consistency, uniformity, and guidance for each member of the court so that the court may operate with the best collegial harmony possible. Moreover, said local rules are designed to assure due process and equal justice under the law for the attorney's, debtors and parties in interest doing business in the US Bankruptcy Court. For the reasons set forth below this Court should transfer this issue to the court en banc, and the court en banc should enter a stay of enforcement of said Judgment and Order of Suspension, as well as the administrative Order prohibiting said attorneys from employing the CM/ECF system, pending the outcome of this issue on Appeal.

## II    Facts

A single Judge of the Bankruptcy Court entered a final Judgment (Bk Doc #199) and Order as amended (Bk Doc #201), in Case No. 11-46399-705 that, inter alia, (a) suspended James C. Robinson and Elbert A Walton Jr's right to practice law in the U.S. Bankruptcy Court, (b) their right to file documents employing the court's CM/ECF system, (c) their right to file

documents in the court's drop box, (d) their right to employ agents, representatives, and employees to deliver documents to the Bankruptcy Court, and (e) mandated that any documents filed by Robinson and Walton in the Bankruptcy Court be personally delivered by Robinson and Walton.

Robinson and Walton filed a Notice of Appeal of said Judgment and Order to the US District Court (Bk Doc #202) and filed a Motion for a Stay of said Judgment and Order with the Bankruptcy Court. (Bk Doc #205) The Debtor filed a response in opposition to said Motion for Stay. (Bk Doc #212 & 213) Said Motion for Stay is Pending before the Bankruptcy Judge presiding over said case.

The Standing Chapter 13 Trustee has filed a Motion for Order to Temporarily Hold Disbursement of Attorney's Fees due, owed and payable to Robinson and Walton, pending another single judge of the Bankruptcy Court entering an Order giving Directions to the Trustee as to monthly payment of flat attorney's fees, elected, due, owed and payable to Robinson and Walton. Walton presents this Memorandum in opposition to the Trustee's Motion to Temporarily Hold Disbursement of Attorney's Fees due, owed and payable to Robinson and Walton. Walton does not represent Robinson on this issue but must necessarily include Robinson in this opposition as their positions are factually and legally the same, and thus any decision on this issue should be equally applicable to both Robinson and Walton and not inconsistent.

**III Points, Authorities and Argument**

**A    Flat Fee Has Been Earned**

Walton and Robinson elected the flat fee option and certainly have earned any fees payable under said option up through June 30, 2014. Moreover, the flat fee is designed to

obviate the necessity to keep time records related to fees earned. Once a case is confirmed, if a client pays timely and fully under their confirmed plan, generally, the only service that remains to be rendered is the filing of a domestic support certification preliminary to discharge. Thus, the court could only rule that a portion of said fee was not earned at the time the necessity to provide a service arose and counsel was unable to provide said service due to said suspension. That eventuality may not occur until well over a year has passed and said suspension has terminated.

**B      Standard for Granting Stay**

Absent a showing of good cause, F. R. Bank. P. 8005 requires that a motion to stay a bankruptcy court order, pending the appeal of that order, be initially filed in the bankruptcy court. Said Rule also grants the District Court concurrent jurisdiction to grant the stay. When considering a motion to stay a final order, the court determines: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will suffer irreparable injury if the stay is not granted; (3) whether other interested parties would suffer substantial harm if the stay is granted; and (4) whether the issuance of the stay will not harm the public interest. *In re Havens Steel Co.*, 2005 WL 562733, at *6 (W.D. Mo. Jan. 12, 2005); *In the Matter of Mansion House Ctr. S. Redev. Co.*, 5 B.R. 826, 832 (E.D. Mo. 1980).

**C      Probability of Success on Appeal**

**1      Judgment (Doc #199) and Amended Memorandum and Order (Doc #201)**

The bankruptcy court erred in entering Judgment (Doc #199) and its Amended Memorandum and Order (Doc #201) against Robinson, Critique and Walton, because (a) It was entered in violation of the fifth amendment to the US constitution requirement that Appellants be afforded due process of law, (b) It was entered in excess of the statutory and rule authority or jurisdiction of the bankruptcy court, (c) It was unsupported by competent and substantial

3

evidence upon the whole record, (d) It is unauthorized by law and rule, (e) It was entered upon unlawful procedure and without a fair and impartial hearing or trial, (f) It is arbitrary, capricious and unreasonable, (g) It involves an abuse of discretion, (h) there was no substantial evidence to support it, (i) it was against the weight of the evidence, (j) it erroneously declares the law, (k) it erroneously applies the law, (l) shall delay, diminish or even defeat a valid claim of Robinson and Walton as well as of their clients, (m) is without any rational administrative basis, (n) shall cause unnecessary delay and needless increase in the cost of litigation, (o) the court was disqualified from hearing the matter and should have recused himself, (p) the Debtor had failed to state a claim upon which relief may be granted, (q) the debtor was with unclean hands, (r) the court was without jurisdiction over the person of Critique Services, LLC, and (s) the court was without jurisdiction over the subject matter, (t) the Memorandum and Order was entered untimely, in conflict and inconsistent with the Judgment entered therein, and (u) the court denied Robinson and Critique their choice of counsel under the Sixth Amendment of the US Constitution.

## 2  The Court Was Without Jurisdiction Over the Subject Matter

The underlying contested matter was initiated by the Court when, in excess of its jurisdiction, the court, sua sponte, removed an Amended Adversary Complaint from an Adversary Case No. 12-04341, (Adv. Doc #12), (see docket entry 4/5/2013) and re-filed it in the underlying Chapter 7 case; and then entered an Order in said underlying Chapter 7 case deeming said Amended Adversary Complaint to be a Motion to Disgorge attorney's fees paid to Appellant James C. Robinson when he represented Debtor in the underlying Chapter 7 bankruptcy case. (Bk Doc #29) Thus the court was without jurisdiction over the subject matter. Moreover, Critique Services, LLC was not named as a party to the contested matter and not served process

and therefore the court was without personal jurisdiction over Critique Services, LLC. This defect warrants reversal on appeal and a grant of stay.

The U.S. Supreme Court stated that if a court is

> *"without authority, its judgments and orders are regarded as nullities. They are not voidable, but simply void; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers."* Elliot v. Piersol, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. See *Milliken v. Meyer*, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940) A void judgment includes a judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. See *Long v. Shorebank Development Corp.*, 182 F.3d 548 (C.A. 7 Ill. 1999)

### 3  The Court Was Disqualified From Presiding Over the Subject Matter and Person of Robinson, Critique and Walton Under 28 USC §§ 455 and 144.

Prior to being appointed a US Bankruptcy Court Judge, Judge Rendlen prosecuted Critique Services LLC, and two individual associated with Critique, Ross Briggs and Beverly Holmes Diltz, for alleged misconduct in two separate case; and therefore should have recused himself from presiding over the contested matter in which the Judgment and Order of suspension of Walton and Robinson was entered. He also took on the role of an advocate for debtor instead of a neutral judicial officer from the sua sponte removal of the Amended Adversary Complaint from the Adversary case and refilling it in the associated Bankruptcy case, through sua sponte notices of intent to sanction, and up to the final Judgment and Order entered

in the case. Moreover, the court erred in denying Robinson's Motion for Recusal on said grounds under 28 USC § 455.

In addition, the Bankruptcy Court engaged in personal attacks against Walton and Robinson, and initiated ex-parte communications with the Chapter 7 trustee assigned to the case and extra judicially demanded that Robinson terminate Walton as his legal counsel and never employ Walton again, triggering an action against Judge Rendlen personally for tortious interference with a contract and business expectancies. Said ex-parte communications and extra judicial actions disqualified the Judge from presiding over the court's, sua sponte, notices of intent to sanction Walton and Robinson and he erred in denying Walton's motions for recusal on said grounds under 28 USC § 455 and 28 USC § 144. *US v. Microsoft Corp.*, 56 F. 3d 1448 (DC Circ, 1995) (Citing: *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865, 108 S.Ct. 2194, 2205, 100 L.Ed.2d 855 (1988). *Litely v. United States*, ___ U.S. ___, ___ _ ___, 114 S.Ct. 1147, 1156-57, 127 L.Ed.2d 474 (1994).) Moreover, Judge Rendlen personally denied the Motion for recusal under 28 USC § 144 even though the statute mandates that the motion be decided by another judge. This defect warrants reversal on appeal and a grant of stay.

When considering a claim under §455(a), [a Court] must consider "whether a reasonable and objective person, knowing all of the facts, would harbor doubts concerning the judge's impartiality." *In re Chevron U.S.A., Inc.*, 121 F.3d 163, 165 (5th Cir. 1997) (internal quotation marks omitted) (emphasis added). This is because the goal of this provision is to "avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860, 100 L.Ed. 2d 855, 108 S. Ct. 2194 (1988) (internal quotation marks omitted). Thus, recusal may be required even though the judge is not actually partial. *In re Cont'l Airlines Corp.*, 901 F.2d 1259, 1262 (5th Cir. 1990). "Under §455(a), we consider whether the judge's impartiality might

6

reasonably be questioned by the average person on the street who knew all the relevant facts of a case." *In re KPERS*, 85 F.3d at 1358.

## 4 A Single Bankruptcy Judge Has No Jurisdiction to Suspend an Attorney from Practicing in Bankruptcy Court.

The local rules of the U.S. Bankruptcy Court clearly do not confer jurisdictional authority upon a single bankruptcy judge to suspend an attorney from practicing before the bankruptcy court. The relevant parts of the Rules are as follows (emphasis mine):

### *US District Court – Local Rules*

*Rule 83 - 12.02. Attorney Discipline.*

*A member of the bar of this Court and any attorney appearing in any action in this Court, for good cause shown and after having been given an opportunity to be heard,* **may be disbarred or otherwise disciplined, as provided in this Court's Rules of Disciplinary Enforcement.** *In addition, a judge may impose sanctions pursuant to the Court's inherent authority, Fed.R.Civ.P. 11, 16 or 37, or any other applicable authority, and may initiate civil or criminal contempt proceedings against an attorney appearing in an action in this Court. The Rules of Professional Conduct adopted by this Court are the Rules of Professional Conduct adopted by the Supreme Court of Missouri, as amended from time to time by that Court, except as may otherwise be provided by this Court's Rules of Disciplinary Enforcement.* **E.D. Mo. L. R. 83-12.02**

### *Rules of Disciplinary Enforcement*

*Rule V -- Disciplinary Proceedings.*

*A.* **When misconduct or allegations of misconduct which, if substantiated, would warrant discipline of an attorney** *admitted to practice before this court shall come to the attention of a Judge of this court, whether by complaint or otherwise, and the applicable procedure is not otherwise mandated by these Rules,* **the judge may refer the matter to counsel appointed under Rule X for investigation and prosecution of a formal disciplinary proceeding** *or the formulation of such other recommendation as may be appropriate.*

*B. Should counsel conclude after investigation and review that a formal disciplinary proceeding should not be initiated against the respondent-attorney for any valid reason,*

7

*counsel shall file with the court a recommendation for disposition of the matter, whether by dismissal, admonition, deferral, or otherwise, setting forth the basis for the decision.*

C. *To initiate formal disciplinary proceedings under these Rules,* **counsel shall seek an order of this court upon a showing of probable cause requiring the respondent-attorney to show cause within 30 days after service of that order upon that attorney, personally or by mail, why the attorney should not be disciplined.** *Except as otherwise provided in these Rules, the proceedings and all filings in this court in every disciplinary case shall be matters of public record, unless a judge orders otherwise.*

D. *Upon the respondent-attorney's answer to the order to show cause, if a material issue of fact is raised or the respondent-attorney wishes to be heard in mitigation, this court may set the matter for hearing before one or more judges of this court. If the disciplinary proceeding is predicated upon the complaint of a judge of this court,* **the hearing shall be conducted before a panel of three other[1] judges of this court appointed by the Chief Judge**, *or, if there are less than three judges eligible to serve or the Chief Judge is the complainant, by the Chief Judge of the Court of Appeals for this circuit, or his designee.*
**E.D. Mo. L. Disp. Enf. R. V**

### Bankruptcy Court – Local Rules

**L.R. 2090 - Attorney Admission.**

A. **General Admission to Practice before the Bankruptcy Court**. *The bar of this Court shall consist of any attorney in good standing to practice before the United States District Court for the Eastern District of Missouri.* **The requirements for attorney admission, <u>standards concerning attorney discipline</u>**, *law clerks, and law student practice* **outlined in Rules 12.01-12.05 of the Local Rules of the United States District Court for the Eastern District of Missouri are adopted for this Court**. *Attorneys are required to read and remain familiar with:*

1. *these Local Rules and the Procedures Manual;*

2. **Local Rules of the United States District Court for the Eastern District of Missouri and <u>the accompanying Rules of Disciplinary Enforcement</u>;** *** **E.D. Mo. Bank L.R. 2090**

---

[1] It is thus to be noted that the complaining judge is disqualified from serving on the panel; therefore, clearly Judge Rendlen was without jurisdiction to suspend Walton and Robinson

8

"[A] district court's inherent power to discipline attorneys who practice before it does not absolve the court from its obligation to follow the rules it created to implement its exercise of such power." *United States Dep't of Justice v. Mandanici*, 152 F.3d 741, 745 n. 12 (8th Cir.1998). Clearly under said local rules, Judge Rendlen was obligated to file a complaint with the District Court's Disciplinary Counsel who would then conduct an investigation and determine whether or not charges should be presented to a three judge panel of the District Court which panel then would determine whether or not suspension was warranted. Judge Rendlen failed to do so, but instead, in excess of his jurisdiction under said local rules, unilaterally suspended Robinson and Walton from practicing before the Bankruptcy Court. Said suspension was in excess of the jurisdiction of the court and therefore must be reversed on appeal. Thus the Court should issue a stay of execution thereof pending appeal.

## 5  The Court Erred in Ordering Disgorgement of $495.00 in Attorney's Fees in that it was in excess of the fees paid by the Debtor to Robinson and Debtor Was Without Clean Hands and Perpetuated a Fraud Upon the Court

The doctrines of *in pari delicto and unclean hands* prohibits a plaintiff from maintaining an action when, "in order to establish his cause of action, he must rely, in whole or in part, on an illegal or immoral act or transaction to which he is a party." *Dobbs v. Dobbs Tire & Auto Centers, Inc.*, 969 SW 2d 894, 897 (Mo App 1998). Thus, "anyone who engages who engages in a fraudulent scheme forfeits all rights to protection, either at law or equity." *Kansas City Operating Corp v. Durwood*, 278 F2d 354, 357 (8th Cir 1960). One who seeks relief from the court must approach the court with clean hands. *Earle R Hansen Assoc. V. Farmers Coop. Creamery Co.*, 403 F. 2d 65 (8th Cir. 1968) The well-recognized doctrine of unclean hands prevents a Party from obtaining relief if the Party has been "guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on." *WorldCom, Inc. v. Boyne*, 68

Fed. Appx. 447, 451 ) One who seeks relief from the court must approach the court with clean hands. *Earle R Hansen Assoc. V. Farmers Coop. Creamery Co.*, 403 F. 2d 65 (8th Cir. 1968) The well-recognized doctrine of unclean hands prevents a Party from obtaining relief if the Party has been "guilty of any inequitable or wrongful conduct with respect to the transaction or subject matter sued on." *WorldCom, Inc. v. Boyne*, 68 Fed. Appx. 447, 451 ) The heart of the unclean hands doctrine is that a party should not request a court to grant them relief when they have failed to act in good faith or fairly and particularly where they have purposely, knowingly and intentionally perjured themselves.

Specifically, in the present case, Debtor has filed a sworn affidavit with this Court wherein Debtor has admitted that: (1) her petition, schedules, statement of affairs and related bankruptcy documents were full of or replete with numerous or multiple false, fraudulent, perjurous inaccuracies, only two of which she alleged were made at the suggestion of her counsel's staff; (2) that she falsely attested and signed said bankruptcy documents falsely affirming under oath that she had in fact read the bankruptcy documents prior to signing them and that they were true and correct to the best of her personal knowledge, information and belief; (3) she signed and consented to the filing of her bankruptcy documents knowing that her statements regarding her address and dependents in the bankruptcy documents were intentionally false and fraudulent and perjurous; (4) she attended a meeting of creditors - outside the presence and influence of her legal counsel - and willfully, intentionally and maliciously repeated her false, fraudulent, perjurous statements and misrepresentations, under oath and penalty of perjury, to the Chapter 7 Trustee, even after being warned by the Trustee that such perjury was criminal and may subject her to criminal prosecution.

Despite the foregoing flagrant, intentional and malicious illegal and immoral acts, the Bankruptcy Court denied Robinson's Motion for Judgment for Robinson based on the unclean hands of the debtor. (Bk Doc #70 & 71) Instead, the Court Ordered fee disgorgement on the grounds that someone in Robinson's office allegedly advised Debtor to give an address in St. Louis County rather than St Charles County and to list her nieces and nephews, that she provided support, as dependents, though they did not reside with her. Her address was immaterial in that both St Charles and St Louis Counties are in the Eastern Division of the Eastern District of Missouri; and one can claim a dependent even if the dependent does not reside with you so long as you contribute the greater share of their support than any other person. Thus, the address was not material and the dependent claim had factual support; however, the Court was with clear, convincing and substantial evidence that Debtor had, sua sponte, perpetrated a fraud upon the court. Thus the District Court will likely reverse the Judgment and Order on Appeal and therefore should grant a stay.

6 **The Court Was Without Jurisdiction to Issue Monetary Sanctions and Award Attorney's Fees for Failure to Comply with a Discovery Order under F. R. Civ. P. 37 nor Under F. R. Civ. P. 11 in that the Debtor Had Withdrawn Her Motion to Compel Discovery, the Case Was Settled, No Trial Was to Be Had, And Debtor Sought No Sanctions or Award of Attorney's Fees**

The Bankruptcy Court, sua sponte, issued a Notice of *Intent* to Sanction Robinson and Walton for alleged failure to comply with discovery under F. R. Civ. P. 37 (Bk Doc #134 & 136) and Ordered the Debtor's counsel to provide evidence of attorney's fees incurred by Debtor (Bk Doc #139). In response thereto, the Debtor filed a Withdrawal of her Motion to Compel Discovery, and notified the court that she had no need for discovery, had settled the case, could not accept discovery under the terms of the settlement, and discovery was no longer a matter of controversy. (Bk Doc #146) The court in an abuse of discretion, clearly erroneous ruling of law,

11

and in excess of its jurisdiction, asserted that Debtor had no right to withdraw her motion to compel discovery and had to accept discovery notwithstanding the fact that the case had been settled and there was no need for discovery in order to prepare for trial. (Bk Doc #148) Moreover, in its Judgment and Order the court indicated that it was entering said Judgment for monetary sanctions and Attorney's fees under F. R. Bank. P. 9011. Rule 9011 clearly states that it is not applicable to Discovery, may not be entered after settlement of the case, and may not be entered against a represented party. The Case was settled and a Motion was filed with the court to approve the settlement on April 10, 2014. (See Bk Doc #144) On April 21, 2014, the Bankruptcy Court, sua sponte, issued a Notice of *Intent* to Sanction Walton and Robinson (Bk Doc #165) under Fed. R. Bank. P. 9011. Clearly the court exceeded its jurisdiction under Rule 9011. Moreover, the court failed to issue an Order to Show Cause, failed to hold a hearing, and failed to describe the specific conduct that appears to violate Rule 9011. Thus, the District Court must reverse the Bankruptcy Court on appeal and thus the Court en banc should issue a Stay of enforcement of the Judgment and Order of the Bankruptcy Court.

**D   Appellants Will Suffer Irreparable Harm If A Stay is Not Granted**

Robinson has an extensive Bankruptcy practice, averaging some 2,500 bankruptcy clients per year, with some 650 cases and 160 hearings currently pending in the US. Bankruptcy court. (varies from day to day) Walton also practices Bankruptcy law, filing approximately 50 cases per year, and has approximately three Chapter 7 cases awaiting discharge, approximately five Chapter 13 cases seeking confirmation of Chapter 13 plans, and approximately twenty confirmed cases in which client's are making chapter 13 plan payments and seeking discharge, as well as an Adversary Case pending in Bankruptcy Court. (Also varies as time passes) Robinson and Walton are scheduled to make appearances in representation of said clients in prosecution of their cases as well as in defense of motions for relief and/or objections raised by trustees,

12

creditors or other parties in interest and to file documentation with the Bankruptcy Court to enable said clients to overcome said objections and motions and to obtain discharges. (See pacer record of Robinson and Walton) Robinson and Walton have clients who have paid them for representation and who must be represented in said cases pending in the Bankruptcy Court and who are subjected to having their cases dismissed or subjected to other adverse consequences based on the court's Order immediately suspending Robinson and Walton from practicing before the Bankruptcy Court and suspending their right to file documents using the CM/ECF system. Robinson and Walton will suffer irreparable injury absent a stay; and there is no adequate remedy at law, in that the suspension of their right and privilege to practice in the Bankruptcy Court will result in loss of hundreds of thousands of dollars of legal fees, as well as cause damage to Robinson and Walton's good will[2] with their clients and future clients, and no claim may be brought against the bankruptcy judge for loss of such fees upon a reversal of his Order of suspension on appeal in that the bankruptcy judge enjoys absolute judicial immunity even though said Order of suspension is reversed on appeal and Appellants have suffered hundreds of thousands of dollars in damages from lost legal fees.

**E      Appellants Client's Will Suffer Irreparable Harm If A Stay is Not Granted**

More importantly and critically, Robinson and Walton's clients will suffer irreparable harm and injury and will have no adequate remedy at law as well in that they will lose the fees paid to Robinson and Walton for representation, have to expend additional attorney's fees to seek substitute counsel, which they may be unable to timely accomplish or even afford to do so, and in the interim said clients will have no legal counsel to expeditiously and competently

---

[2] Said goodwill has already been damaged in that the Chapter 13 Trustee sent a copy of the subject Motion to Walton's client's

13

represent them and to protect their legal rights and interests and to assure that appearances of counsel occur at hearings or meetings and that documents are filed competently and timely with the court based on the sudden, unexpected, and unanticipated suspension of Robinson and Walton's right to practice in the Bankruptcy Court. The use of the CM/ECF system is not just to benefit the attorney's employing the system, but to benefit the court and its staff as well as the litigants, debtors and parties in interest utilizing the CM/ECF system. What happens if a client appears at the last minute to stop a foreclosure or to file some other document timely? Those clients or debtors are subject to loss of their homes or loss of their legal rights due to Robinson and Walton being unable to utilize the CM/ECF system as well as the after hours drop box. Moreover, what happens to a client's case, if Walton or Robinson are unable to personally deliver a document to court due to being tied up in trial or for some other reason that prevents them from personally traveling to court? The CM/ECF system and the drop box overcomes that administrative problem, and assures the maximum amount of time possible in timely filing a document with the court. The CM/ECF system and the drop box and the employment of delivery services and staff to deliver documents to court were not instituted for Robinson and Walton's personal benefit, but to assure justice for all. Judge Rendlen's Judgment and Order benefits no one and is likely to cause harm to debtors.

**F        Stay Will Not Cause Substantial Harm to Other Interested Parties**

A stay will not cause substantial harm to other interested parties, and moreover, there will be no harm from any delay in the final disposition of the contested matter after disposition of the appeal, in that the amount in controversy was only $495.00 and Ross Briggs who had initially represented the debtor had refunded debtor the attorney's fees paid by debtor prior to the court entering said judgment for disgorgement of attorney's fees. Moreover, neither Robinson nor Walton have engaged in any actions or neglect of their duties to their clients, parties, trustees or

14

the court's that warrants suspension of their privileges and right to practice law in the US Bankruptcy Court.

**G    A Stay Will Not Harm the Public Interest**

A stay will not harm the public interest in that in that neither Robinson nor Walton have engaged in any actions or neglect of their duties to their clients, parties, trustees or the court's that warrants suspension of their privileges and right to practice law in the US Bankruptcy Court, and certainly the complaint of one single client out of some 2,500 per year that are handled by Robinson and none of the clients of Walton should not warrant the suspension of Robinson and Walton's right and privilege to practice in the US Bankruptcy Court for the Eastern District of Missouri.

**IV    Conclusion**

In the interest of fairness and justice and to avoid irreparable harm to the Appellants and their clients, Elbert A Walton Jr, moves this Honorable Court for a stay of said Judgment (Bk Doc #199) and Amended Order (Bk Doc #201) pending final disposition of the appeal of said Judgment and Order or in the alternative that the Court transfer this issue and subject matter to the court en banc for issuance of a stay pending the outcome of Walton's appeal.

METRO LAW FIRM, LLC.

By: *[signature]*

Elbert A. Walton, Jr.
U.S. District Ct Bar Mo Bar #24547
Attorney for Walton
2320 Chambers Rd.
St. Louis, MO 63136
Telephone: (314) 388-3400
Fax: (314) 388-1325
E-mail address: elbertwalton@elbertwaltonlaw.com

**CERTIFICATE OF SERVICE:** By signature above I hereby certify that I personally filed the foregoing with the Clerk of the United States Bankruptcy Court, Eastern District of Missouri by delivering it to the Deputy Clerk at the Counter and that a copy will be served by the CM/ECF system upon those parties indicated by the CM/ECF system,

By: _/s/_