# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MISSOURI

In: )
JATUANE MOBLEY )
Debtor(s) ) Case No.: 14-44207-39
and ) Chapter 13
All Cases on List Attached )
To Trustees Motion )
)
)
)

## JAMES ROBINSON'S RESPONSE TO OBJECTION TO TRUSTEE'S MOTION FOR ORDER TO TEMPORARILY HOLD DISBURSEMENT OF ATTORNEYS FEES

Comes Now James C. Robinson, Attorney At Law, and, in opposition to the aforesaid motion of the Trustee, states:

1. Pursuant to Local Rules 2016-3 and 3015-2 provide for payment of attorney's fees to debtor's counsel in the amount of $4,000, less prepaid amounts, through the plan payments of the debtor. Rule 2016-3(c) presumptively provides for payment of up to $1,100 for legal services rendered by debtor's counsel up to confirmation; the balance of the attorney's fees are to pay for legal services rendered after confirmation.

2. The Trustee has filed a motion that pertain to approximately 174 Chapter 13 bankruptcies cases in which undersigned has entered as debtor's counsel; Orders of Confirmation have been entered in approximately 145 of the foregoing cases. Each of the foregoing Orders of Confirmation has ordered payment to undersigned for legal services rendered on behalf of debtor. Undersigned has represented for various lengths of time ranging from several months to nearly five years.

3. The effect of the motion is to vacate the aforesaid Orders of Confirmation as they order payment to undersigned. In so moving, Trustee has not provided the 21 days notice to all parties in interest as required by Local Rule 3015-5. The motion of the Trustee should be denied due to this lack of adequate notice.

4. Further, due to the entry of the aforesaid Orders of Confirmation, undersigned possesses a protectable legal interest in the receipt of payment for services performed. As movant, it is the burden of the Trustee to adduce evidence in each and every the foregoing 145 confirmed cases that the value of the legal services already rendered by undersigned is less than the amount to be paid undersigned through the offices of the Trustee. Anything less would deny undersigned due process of law. Undersigned respectfully demands that the Trustee adduce such proof.

5. The motion of the Trustee, if granted, would give effect to the Order entered in Case Number 11-46399. This Order is presently on appeal before the United States District for the Eastern District of Missouri. In **_Griggs v. Provident Consumer Discount_**, the 459 US 56, 58 (1982) the United Supreme Court held that the filing of a notice of appeal "is an event of jurisdictional significance-it confers jurisdiction in the court of appeals and divests the district court over those aspects involved in the appeal." Accordingly, due to the pendency of said appeal, this Court has no jurisdiction to grant the motion of the Trustee. Pursuant to **_Griggs_**, the duty of this court is to maintain the staus quo as the parties await further guidance form the District Court. The motion of the trustee is requesting a dramatic change of the status quo that this Court has no power to grant.

6. Finally, the Order entered in Case Number 11-46399 purports to impose criminal contempt powers without constitutional authority and circumvented the disciplinary protection that should have but were never afforded undersigned pursuant Rule V of the District court. Accordingly, the Order entered in case Number 11-46399-705 was an unconstitutional act and should not be further enforced by this Court

James C. Robinson
30969 State # 63594Fed #
Attorney for Robinson
3919 Washington Blvd.
St. Louis Mo. 63108
Tel: (314)533-4357
Fax (314)533-4356
Email Address: jcr4critique@yahoo.com

## CERTIFICATE OF SERVICE:

By my signature above it is certified that a copy of the above was served by ECF system and/or by First Class Mail, this upon the Chapter 13 Trustee.

By: _____